Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4020 | **DATE** | 6/28/2011 |
| **CASE TITLE** | Camp vs. Centrue Bank | | |

**DOCKET ENTRY TEXT**

Upon consideration of Defendant's Amended Bill of Costs [95], Defendant is awarded a total of $1869.40.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

The court granted Defendant's Motion for Summary Judgment on 5/31/11, and within thirty days of the entry of judgment Defendant filed its Amended Bill of Costs. Defendant seeks to recover a total of $2144.15, which includes a $350 filing fee with the clerk of this court, as well as costs associated with the depositions of Plaintiff Donna Camp ($981.00) and two of Camp's supervisors, Dan Sabol ($303.95) and Roger Dotson ($509.20).

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." Defendant moved for, and was granted, summary judgment on all of the claims at issue in the case, which resulted in the case being dismissed. Defendant is therefore a "prevailing party" as that term is used in Rule 54(d)(1). *See Hoeller v. Eaton Corp.*, 149 F.3d 621, 626 (7th Cir. 1998) (a party having all claims resolved in its favor "is the very definition of a prevailing party").

Defendant of course is entitled to the filing fee of $350. As to the depositions, it is somewhat more complicated. The court agrees that each of these transcripts was "reasonably necessary," and that Defendant is entitled to recover some of its expenses. *See Warfield v. City of Chi.*, 733 F. Supp. 2d 950, 956 (N.D. Ill. 2010) (a deposition transcript is recoverable if is "reasonably necessary to the case at the time it was taken," regardless of whether it was used in a motion) (quotation omitted). The Local Rules of the Northern District of Illinois provide that the cost of transcripts may not exceed the rate established by the Judicial Conference of the United States that was in effect at the time the transcript was filed. L.R. 54.1(b). The depositions took place in 2009, at which time the maximum amount for an ordinary transcript was capped at $3.65 per page. Defendant seeks to recover ($4.45/page x 180 pages = ) $801.00 for Camp's deposition, but is only entitled to ($3.65 x 180 = ) $657.00. The other two depositions were charged at $2.40 per page, and so the entire per-page amount will be allowed. For Sabol's deposition, that amounts to ($2.40/page x 103 pages = ) $247.20, and for Dotson's deposition, that amounts to ($2.40/page x 198 pages = ) $475.20. In addition to the costs of the transcript itself, the court may award costs associated with a court reporter's attendance at the deposition. *Held v. Held*, 137 F.3d

| STATEMENT |
|---|
| 998, 1002 (7th Cir. 1998). For Camp's deposition, that amounts to $140.00; the other invoices do not indicate that attendance was charged.

Those costs that are incurred simply for the convenience of counsel are not recoverable. *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002). Defendant states that ASCII diskettes were "reasonably necessary" because the diskettes assisted counsel in incorporating deposition testimony into its motions and allowed it to forego making additional photocopies. This is the type of convenience cost that is not recoverable. *See id.*

Other fees, such as those associated with deposition exhibits, are recoverable in the court's discretion if the prevailing party establishes that the exhibits were essential to understanding an issue in the case. *See Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980 (N.D. Ill. 2003). Here, Defendant did not address the issue, and thus has not established that the exhibit copying charges were essential. As a result, these costs are not recoverable. Finally, "[c]osts associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable." *Harkins*, 286 F. Supp. 2d at 981. Having been provided no reason to stray from that general rule, the court declines to do so.

Defendant is awarded a total of $1869.40 for the filing fee, adjusted transcript fees, and court reporter attendance. |

| | Courtroom Deputy Initials: | RJ/JKF |
|---|---|---|